# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY L. RICKS, :
:
    Petitioner, :
:
v. : No.: 4:15-CV-1017
:
SUPT. JOHN THOMAS, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### MAY 19, 2017

**I.    BACKGROUND**

Gregory L. Ricks, an inmate presently confined at the State Correctional Institution, Chester, Pennsylvania, (SCI-Chester), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Chester Superintendent John Thomas. Service of the Petition was previously ordered

Petitioner was convicted on January 20, 2009 of receiving stolen property; being a person not to possess a firearm; delivery of a controlled substance; and delivery and possession of a controlled substance following a jury trial in the Court of Common Pleas of Lycoming County, Pennsylvania.[1] *See* Doc. 13-1, p. 1. On

---

[1] By way of background, the victim's girlfriend stole two rifles from his home. The girlfriend gave the rifles to the Petitioner. Ricks traded one of the rifles for crack cocaine which was provided to the girlfriend. The other rifle was discovered by Petitioner's landlord after Ricks had been evicted from his apartment.

-1-

April 3, 2009, Ricks was sentenced to a seven year, three month to fourteen and a half year term of imprisonment.[2]  *See id*. at p. 4.  Following a direct appeal to the to the Superior Court of Pennsylvania, Ricks' conviction and sentence were affirmed on March 4, 2010.  *See id*. at p. 5.   Ricks argued on appeal that the evidence was insufficient to sustain a guilty verdict, that the verdict was against the weight of the evidence, and that the sentence constituted an abuse of discretion.  The Superior Court deemed the first two arguments waived because they were not addressed in Ricks' appellate brief.  *See id*. at p. 11.  A further appeal was not pursued.

On April 22, 2010, Ricks filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) alleging ineffective assistance of counsel for failure to file a suppression motion with respect to the discovery of the rifle in his apartment.[3]  Counsel was appointed to represent the Petitioner.  On June 5, 2010, Petitioner's court appointed counsel filed a no merit letter in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).  The sentencing court subsequently dismissed the PCRA petition on August 10, 2010.  *See id.* at p. 30.  Petitioner did not appeal.

---

[2] Petitioner's sentence was imposed on March 13, 2009 and amended on April 3, 2009.

[3] *See* 42 Pa. Cons. Stat. Ann. § 9541 et seq.  The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

Instead, Petitioner filed a second PCRA action on January 10, 2011 which alleged the improper seizure of a firearm, failure to properly serve the criminal complaint, and that the evidence was insufficient to show that the weapon had been stolen in light of the absence of a serial number on the rifle. *See* Doc. 13-1, p. 32. Counsel was again appointed to represent Ricks and a *Finley/Turner* letter was thereafter submitted by counsel. The sentencing court denied PCRA relief by decision dated May 3, 2011. By decision dated February 21, 2012, the Superior Court affirmed that denial on the basis that Petitioner's claims were either waived, previously litigated, or otherwise inadequate. *See id.* at p. 51. The Supreme Court of Pennsylvania denied Ricks' petition for allowance of appeal on October 29, 2012.

Petitioner then filed a third PCRA action on November 14, 2012[4] which sought relief on the grounds that PCRA counsel's performance was deficient for failing to investigate his mental illness; that he was illegally evicted from his apartment; and that he was not in possession of the rifle found in the apartment. *See id.* at p. 65. This action was dismissed as untimely on January 22, 2013.

A fourth PCRA petition filed by Ricks on April 28, 2014 was likewise dismissed as untimely on July 1, 2014. *See id.* at p. 69. This action asserted the evidence was insufficient to establish that he was in possession of a stolen rifle or

---

[4] *See id.* at p. 58.

was in possession of a controlled substance. An appeal from that decision was dismissed by the Superior Court on April 1, 2015. *See id*. at p. 70.

Petitioner's pending action before this Court argues that he is entitled to federal habeas corpus relief on the grounds of newly discovered evidence; denial of due process because he was permitted to represent himself on appeal despite being mentally unfit; and ineffective assistance of counsel.

Respondent seeks dismissal of the petition on the grounds that it was untimely filed and because Ricks failed to exhaust his available state court remedies. Alternatively, Respondent argues that Petitioner's arguments are subject to dismissal for lack of merit.

This matter is now ripe for consideration. Although granted an opportunity to do so, Petitioner has not filed a reply addressing the Respondent's arguments for dismissal.

## II. TIMELINESS

Respondent contends in part that Petitioner has not filed a timely habeas corpus action. *See* Doc. 13, p. 14. Ricks' pending § 2254 petition is dated May 20, 2015[5] and will be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court.

---

[5] *See* Doc. 1, p. 14.

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See generally*, *Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of *direct review* of a judgment of conviction, the one year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court.")(emphasis in original).

The running of the limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. *See Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)(an untimely PCRA petition does

not toll the statute of limitations for a federal habeas corpus petition); *Merritt v. Blaine*, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that a PCRA petition was untimely and thus not "properly filed"). However, the period during which a Section 2254 applicant could have filed a petition for writ of certiorari with the Supreme Court of the United States from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 333-36 (2007).

It is additionally noted that the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones*, 195 F.3d at 159, *citing Miller v. New Jersey State Department of Corrections*, 145 F.3d 616 (3d Cir. 1998).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A habeas petitioner may establish grounds for equitable tolling by showing that (a) the government has actively misled the petitioner; (b) the rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his rights." *Jones,* 195

F.3d at 159. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." *Fahy*, 240 F.3d at 244. Nor does equitable tolling extend to claims of excusable neglect. *Irwin v. Dept. Of Veterans' Affairs,* 498 U.S. 89, 96 (1990).

It is undisputed that Petitioner pursued a direct appeal which was denied by the Superior Court on March 4, 2010. *See* Doc. 13-1, p. 5. Ricks did not seek further review from the Supreme Court of Pennsylvania. In accordance with the principles announced in § 2244(d)(1)(A), Petitioner' conviction became final on April 3, 2010 when the period for seeking review from the Pennsylvania Supreme Court expired and the one year statute of limitations began to run.

Second, the running of the limitations period was thereafter tolled during the period when Petitioner's initial PCRA action was pending before the Pennsylvania state courts (April 22, 2010- August 10, 2010). Based upon those determinations, the one year limitations period initially ran from April 10, 2010 until April 22, 2010 (12 days).

The limitations period restarted on August 11, 2010 and ran until December 29, 2010 (approximately 4½ months) when Ricks filed a second PCRA action. The second PCRA action was terminated on October 29, 2012 when the Pennsylvania Supreme Court denied allocator. Thus, the limitations period was

tolled from December 29, 2010 to October 29, 2012.

The limitations period again restarted on October 30, 2012. Approximately two weeks later Ricks filed a third PCRA which was terminated on June 18, 2013. The clock restarted again June 19, 2013 and undisputably ran for approximately ten months until Ricks filed a fourth PCRA action on April 15, 2014.

By the time Petitioner initiated his fourth PCRA action the one year limitations period had expired. Specifically the limitations period initially ran for 12 days; then for 4 months and 18 days; and then for 9 months and 26 days, a period in excess of one year. Since Ricks' pending federal petition was initiated within the § 2244(d) one year limitations period, the request for dismissal on the basis of untimeliness will be granted.[6]

## III. MERITS ANALYSIS

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state

---

[6] In addressing this argument this Court has determined that the issues of whether Petitioner's third and fourth untimely PCRA actions properly tolled the running of the limitations period as contemplated under the *Fahy* and *Merritt* standards does not need to be addressed because this matter is untimely even if such tolling is allowed.

court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[7] *See generally, Knowles v. Mirzayance*, 556 U.S. 111, 114 (2009); *Gattis v. Snyder*, 278 F.3d 222, 234 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000). As explained in *Bell*, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

---

[7] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e) (1).

In sum, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. *See Keller v. Larkins*, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); *Martini v. Hendricks*, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

### A.  Newly Discovered Evidence

Petitioner raises a vague assertion that he is entitled to federal habeas corpus relief on the basis of newly discovered evidence. *See* Doc. 1, ¶ 12, Ground One.

Respondent asserts that in addition to being untimely and unexhausted this factually undeveloped claim lacks arguable merit. *See* Doc. 13, p. 11. The purported newly discovered evidence is not described by Ricks and there is no indication as to why this unknown new evidence would establish a basis for habeas corpus relief. Moreover, Petitioner has not shown that the new evidence could not have previously been ascertained through the exercise of due diligence. Accordingly, this factually undeveloped claim is subject to dismissal.[8]

### B. Insufficient Evidence

Petitioner indicates that the evidence presented against him was insufficient because no drugs were found in his possession, the serial number on the rifle had been obliterated, and the weapon was not discovered until after he had been evicted from his apartment. The standard of review used by a federal court when addressing the issue of sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Assuming that Petitioner's claim was timely and properly exhausted, it would nevertheless be subject to dismissal as lacking arguable merit. It is

---

[8] It also appears that this vague assertion of new evidence was not previously presented before the Pennsylvania state courts and as such is subject to dismissal as being procedurally defaulted.

undisputed that there was testimony presented at trial that the person who stole the rifle gave it to Ricks in exchange for crack cocaine. The rifle, which was found in Petitioner's apartment, was identified by the victim despite the absence of a serial number. Furthermore, Ricks' landlord testified that he discovered the weapon in Petitioner's apartment. Most importantly, Ricks confessed to the crimes.

Based on an application of the standards announced in *Jackson* to those factors, there was clearly sufficient evidence that supported the conviction reached by the jury.

### C. Ineffective Assistance

Petitioner asserts that because he is bipolar, a paranoid schizophrenic, and suffers from manic depression he was incapable of representing himself during the course of his state appellate proceedings. *See* Doc. 1, ¶ 12, Ground Two. It is undisputed that Petitioner was represented by counsel at trial, on direct appeal, and during his first two PCRA proceedings.[9] Thus, this is clearly not a case where a criminal defendant suffering from mental health problems was forced to represent himself in violation of his right to counsel.

To the extent that Ricks is challenging the performance of his defense counsel, in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the United States

---

[9] Ineffective assistance of counsel during collateral proceedings such as a PCRA action is an insufficient basis for federal habeas corpus relief.

Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*. at 687; *accord Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994). In *Deputy*, the United States Court of Appeals for the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. *Id*. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Jermyn*, 266 F.3d at 282; *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, *Strickland*, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." *United States v. Wiener*, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. *See Burger v. Kemp*, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. *Hartey v.*

*Vaughn*, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." *Bell*, 535 U.S. at 695 (internal quotations and citation omitted).[10]

At the time of Petitioner's state court proceedings, *Strickland*'s familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. In addressing Ricks' present ineffective assistance claims, the state courts applied essentially the same two-prong test for ineffective assistance articulated in *Strickland*. *See* Doc. 13-1, p. 37.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the *Strickland* test. *See, e.g., Commonwealth v. Pierce*, 527 A.2d 973, 975-77 (Pa.

---

[10] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. *See Rolan v. Vaughn,* 445 F.3d 671, 678 (3d Cir. 2006).

1987). The Third Circuit has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*. *Jacobs v. Horn*, 395 F.3d 92, 107 n.9 (3d Cir. 2005); *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the United States Supreme Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of *Strickland* or were based on an unreasonable determination of the facts. *Jacobs*, 395 F.3d at 107 n.9; *Werts*, 228 F.3d at 204.

Based upon a thorough review of the petition, Ricks has not set forth any allegations which could support a determination that trial counsel's performance was deficient. Ricks has also not demonstrated any resulting prejudice as required under *Strickland* i..e., that but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

## IV. Conclusion

In conclusion, despite having been afforded a liberal review by this Court, Ricks' pending action is time barred and he has not satisfied his burden of establishing any entitlement to federal habeas corpus.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge